UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI WILNER & CO. INC and ELI WILNER<br>Plaintiffs,<br>v.<br>TEDDY ISHAK, et al.,<br>Defendants. | Civ. A. No.: 1:23-cv-11084<br><br>**DEFAULT JUDGMENT** |

This action having been commenced on December 21, 2023, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the defendant, *Teddy Ishak*, on *January 18, 2024,* and a proof of service having been filed on *January 22, 2024*, and the defendant not having answered the Complaint, and the time for answering the Complaint and various Motions per Court Orders, including a Motion For Summary Judgment on January 5, 2026 (ECF Doc's 111-115, 118-119) having expired, the Court finds that:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 because Plaintiffs assert claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq.

2. The Defendant Teddy Ishak was properly served with the Summons and First Amended Complaint, and proof of service was timely filed on the docket.

3. Defendant Teddy Ishak did not file an Answer or otherwise respond to the First Amended Complaint as required by the Federal Rules of Civil Procedure. Instead, Defendant submitted a letter that did not constitute a responsive pleading or otherwise comply with the Federal Rules. Accordingly, Plaintiffs moved for default judgment and, in the alternative, moved to strike Defendant's purported responsive filing to the extent it could be construed as an Answer.

4. The Clerk of Court entered a Certificate of Default against Defendant Teddy Ishak.

5. The Plaintiffs thereafter renewed their Motion for Default Judgment and, in the alternative, moved to strike Defendant's purported responsive filing to the extent it was construed as an Answer. Plaintiffs also moved for Summary Judgment, together with supporting memoranda of law, declarations, and evidentiary submissions.

6. That, by Orders dated January 6, 2026 (ECF Doc 120), and February 3, 2026 (ECF Doc 121), Defendant was afforded additional opportunities to oppose Plaintiffs' motions and was expressly warned that failure to respond would result in the motions being treated as fully submitted.

7. The Defendant failed to file any opposition to Plaintiffs' Motion for Default Judgment, Motion to Strike Defendant's purported Answer or responsive filing, or Motion for Summary Judgment within the time prescribed by the Court.

8. That, on June 25, 2026, the Court entered an Order (ECF Doc 122) determining that Defendant had failed to oppose Plaintiffs' motions, treating those motions as fully briefed, directing Defendant to appear and show cause why default judgment should not be entered, and directing Plaintiffs to submit a proposed Default Judgment.

9. That Plaintiffs timely served the Court's June 25, 2026, Order upon Defendant and filed proof of such service (ECF Doc 126).

10. The Court concludes that Defendant has failed to demonstrate good cause for his repeated failure to comply with this Court's Orders, has failed to answer or otherwise properly respond to the First Amended Complaint, has failed to oppose Plaintiffs' pending motions despite multiple opportunities afforded by the Court, and entry of default judgment pursuant to Rule 55(b)(2) is therefore appropriate.

11. The Court further concludes that the allegations of the First Amended Complaint, together with the evidentiary record submitted in support of Plaintiffs' motions, establish Defendant's liability and Plaintiffs' entitlement to judgment.

12. ~~The Court therefore finds that Plaintiffs are entitled to recover damages in the amounts set forth in the various Motions per Court Orders, including Motion For Summary Judgment (ECF Doc's 111-115, 118-119), together with prejudgment interest as awarded by the Court and post-judgment interest pursuant to 28 U.S.C. § 1961.~~

~~WHEREFORE, it is ORDERED, ADJUDGED AND DECREED that Plaintiffs Eli Wilner & Co. Inc. and Eli Wilner shall recover from Defendant Teddy Ishak judgment in the liquidated amount of *$2,110,155*, representing treble damages under 18 U.S.C. § 1964(c) based on actual damages of $703,385, together with prejudgment interest at the rate of nine percent *(9%)* per annum from January 19, 2024, amounting to *$264,526.03*, as of July 1, 2026, waiving costs and disbursements of this action, for a current total as of July 1, 2026 amounting to $2,374,681.03 together with post-judgment interest pursuant to 28 U.S.C. § 1961 until paid.~~

Dated: July 8, 2026
New York, New York

DALE E. HO,
United States District Judge